**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Alberto BERMUDEZ, Defendant—
Appellant.**

No. 04–10290.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2005.[*]

Decided Oct. 12, 2005.

Daniel Jon Santander, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

David Taylor Shannon, Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER and BERZON, Circuit Judges, and HOUSTON,[**] District Judge.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] The Honorable John A. Houston, United States District Judge for the Southern District of California, sitting by designation.

MEMORANDUM ***

Defendant–Appellant Alberto Bermudez, who pled guilty to illegal reentry after deportation, attacks his sentence on *Booker* grounds. Bermudez argues that the district court committed plain error in failing to consider—or, in the alternative, that defense counsel provided ineffective assistance of counsel by failing to raise—the possibility of a downward departure for cultural assimilation. We grant a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005).

## A. Bermudez Did Not Waive His Right to Appeal

■ The government argues that Bermudez has waived his right to challenge his sentence under the doctrine of invited error since the district court imposed the exact sentence that Appellant's counsel sought. The doctrine of invited error prevents the review of a decision below for plain error, except in the most exceptional circumstances. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997) (en banc). The distinction between waiver and forfeiture is central to application of this doctrine. "Forfeiture is the failure to make a timely assertion of a right, whereas waiver is the 'intentional relinquishment or abandonment of a known right.' " *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Forfeited rights may be reviewed for plain error, in contrast to waived rights which may not. "[W]aiver occurs only when a defendant relinquishes or abandons a 'known right.' " *Perez*, 116 F.3d at 846. The critical inquiry is for evidence indicating that the defendant was "aware of" or "knew of" the right in question. *Id.* at 845.

The facts of Bermudez's case clearly indicate forfeiture. The district court sentenced Bermudez in April, 2004, many months before the Supreme Court decided *Booker* and more than a year before *Ameline* and *United States v. Moreno–Hernandez*, No. 03–30387, 2005 WL 1560269 (9th Cir. Aug.17, 2005), in which this court established that defendants may seek plain error review where there was no Sixth Amendment violation or where that violation went unpreserved. At the time of sentencing, the Supreme Court had not yet clarified that Bermudez had a right: Bermudez's counsel recommended a sentencing at the bottom of the Guideline range at a time when the Guidelines were understood to be mandatory. The sentencing errors here were forfeited, not waived. We now consider the substance of Appellant's claim, namely that he is entitled to relief under *Ameline*.

## B. *Ameline* remand.

Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Ameline*, 409 F.3d at 1078 (citations omitted). Where these conditions are met, an appellate court may, at its discretion, recognize a forfeited error that "(4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citations omitted).

It is undisputed that the district court believed the Sentencing Guidelines to be mandatory and the first two requirements of the plain error test are satisfied. The parties disagree as to the third prong. The government argues that the record is sufficiently clear under *Ameline* to complete the plain error analysis. According to Bermudez, "the record is insufficiently clear to conduct a complete plain error analysis" and a limited remand is in order. *Ameline*, 409 F.3d at 1074. We agree.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Where, as here, a district court has treated the U.S. Sentencing Guidelines, now advisory in light of *Booker*, as mandatory, and the record provides no indication of whether the district court would have sentenced the defendant differently under an advisory-guideline regime, the appropriate course of action is to grant a limited remand. *Moreno–Hernandez,* —— F.3d ——, ——, 2005 WL 1560269, at *8. We remand for the district court to determine whether it would have imposed a different sentence under an advisory-guidelines regime and, if necessary, resentence Bermudez in a manner consistent with *Booker* and *Ameline.*[1]

REMANDED.

---

1. We decide the case under *Ameline* and *Moreno–Hernandez.* We therefore need not reach questions of whether (1) the district court committed plain error in failing to consider cultural assimilation as ground for a possible downward departure or (2) Bermudez received ineffective assistance of counsel because his attorney failed to alert the court to cultural assimilation as a potential basis for departure.